IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01670-PAB

SHOSHANA CHIZKIYA-ROSENFELD, an individual,

    Plaintiff and Counter Defendant,

v.

LTF CLUB OPERATIONS COMPANY, INC. d/b/a LIFETIME FITNESS, INC., a foreign corporation, and
LTF REAL ESTATE COMPANY INC., a foreign corporation,

    Defendants and Counter Claimants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte*. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).

Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  See *U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  In the notice of removal, defendant LTF Club Operations Company, Inc. ("LTF Club") and LTF Real Estate Company, Inc. ("LTF Real Estate") assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 7.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  A corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Defendants allege that LTF Club is a citizen of Minnesota because it is incorporated in and has a principal place of business in Minnesota.  Docket No. 1 at 3, ¶ 10.  Defendants allege that LTF Real Estate is also a citizen of Minnesota because it is incorporated in and has a principal place of business in Minnesota.  *Id*., ¶ 11.  The notice of removal states that plaintiff Shoshana Chizkiya-Rosenfeld "was a citizen of the

State of Colorado" and "now lives in Israel."  *Id*. at 2, ¶ 8.  The notice of removal states that plaintiff is either "a citizen of Colorado or Israel."  *Id*. at 3, ¶ 12.

On August 3, 2023, the Court ordered Ms. Chizkiya-Rosenfeld to file "a disclosure statement in accordance with Rule 7.1 identifying her citizenship at the time of removal."  Docket No. 14.  As the Court noted in that order, Federal Rule of Civil Procedure 7.1, as amended in December 2022, states that, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party. . . must, unless the court orders otherwise, file a disclosure statement.  The statement must name and *identify the citizenship* of every individual or entity whose citizenship is attributed to that party. . . when the action is filed in or removed to federal court."  Fed. R. Civ. P. 7.1(a)(2) (emphasis added).  The Court ordered Ms. Chizkiya-Rosenfeld to file her disclosure statement on or before August 7, 2023.  Docket No. 14.  Ms. Chizkiya-Rosenfeld did not file a disclosure statement as required by the Court's order.

On August 14, 2023, the Court ordered Ms. Chizkiya-Rosenfeld to file her disclosure statement by August 18, 2023 and stated that "[f]ailure to file a disclosure statement by that date may result in sanctions, including dismissal for failure to prosecute."  Docket No. 15.  Ms. Chizkiya-Rosenfeld did not file a disclosure statement by the Court's deadline, but did file a disclosure statement on August 21, 2023.  Docket No. 16.  Ms. Chizkiya-Rosenfeld states that she "currently resides at 14 Amir St., Apt #9, 5233614, Israel."  *Id*. at 1.

Ms. Chizkiya-Rosenfeld's disclosure statement is deficient for several reasons.  First, as the Court stated in its previous order, "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."  Docket No. 14

(quoting *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972)).  Residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock*, 460 F.2d at 514.  Second, plaintiff's disclosure statement identifies where she "currently" resides.  Docket No. 16 at 1.  However, citizenship is determined at the time of filing.  *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (internal quotations and citation omitted)).

Furthermore, Ms. Chizkiya-Rosenfeld appears to be stateless.  If Ms. Chizkiya-Rosenfeld is domiciled in Israel, then the Court lacks jurisdiction under 28 U.S.C. § 1332(a).  "A United States citizen domiciled in a foreign country is not a 'citizen[ ] or subject[ ] of a foreign state,' but is stateless and unable to assert jurisdiction under 28 U.S.C. § 1332(a)(2) or § 1332(a)(1), which governs suits between citizens of different States."  *Jones v. Dalrymple*, 679 F. App'x 668, 669 (10th Cir. 2017) (unpublished) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989)).  "Federal courts, then, lack jurisdiction over these so-called 'stateless' citizens if the only basis for subject matter jurisdiction is the diversity statute."  *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

Accordingly, the Court is unable to determine whether it has diversity jurisdiction over this case.  It is therefore

4

**ORDERED** that, on or before **September 5, 2023**, plaintiff Shoshana Chizkiya-Rosenfeld and defendants LTF Club Operations Company, Inc. and LTF Real Estate Company, Inc. shall show cause why this case should not be remanded due to the Court's lack of subject-matter jurisdiction.

DATED August 22, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge