IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01670-PAB

SHOSHANA CHIZKIYA-ROSENFELD, an individual,

    Plaintiff and Counter Defendant,

v.

LTF CLUB OPERATIONS COMPANY, INC. d/b/a LIFETIME FITNESS, INC., a foreign corporation, and
LTF REAL ESTATE COMPANY INC., a foreign corporation,

    Defendants and Counter Claimants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte*. On August 3, 2023, the Court ordered plaintiff Shoshana Chizkiya-Rosenfeld to file "a disclosure statement in accordance with Rule 7.1 identifying her citizenship at the time of removal." Docket No. 14. As the Court noted in that order, Federal Rule of Civil Procedure 7.1, as amended in December 2022, states that, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party. . . must, unless the court orders otherwise, file a disclosure statement. The statement must name and *identify the citizenship* of every individual or entity whose citizenship is attributed to that party. . . when the action is filed in or removed to federal court." *Id*. (quoting Fed. R. Civ. P. 7.1(a)(2)) (emphasis added). The Court ordered Ms. Chizkiya-Rosenfeld to file her disclosure statement on or before August 7, 2023. *Id*. Ms. Chizkiya-Rosenfeld did not file a disclosure statement as required by the Court's order.

On August 14, 2023, the Court ordered Ms. Chizkiya-Rosenfeld to file her disclosure statement by August 18, 2023 and stated that "[f]ailure to file a disclosure statement by that date may result in sanctions, including dismissal for failure to prosecute."  Docket No. 15.  Ms. Chizkiya-Rosenfeld did not file a disclosure statement by the Court's deadline, but did file a disclosure statement on August 21, 2023.  Docket No. 16.  Ms. Chizkiya-Rosenfeld stated that she "currently resides at 14 Amir St., Apt #9, 5233614, Israel."  *Id*. at 1.

On August 22, 2023, the Court issued an order to show cause.  Docket No. 17.  The Court stated that Ms. Chizkiya-Rosenfeld's disclosure statement was deficient because it identified her residency, not her citizenship at the time of filing.  *Id*. at 3-4; *see also Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).  The Court stated that it was "unable to determine whether it has diversity jurisdiction over this case."  *Id*. at 4.  Therefore, the Court ordered plaintiff and defendants, on or before September 5, 2023, to show cause why this case should not be remanded due to the Court's lack of subject-matter jurisdiction.  *Id*. at 5.

On September 5, 2023, defendants filed a response to the order to show cause.  Docket No. 18.  However, Ms. Chizkiya-Rosenfeld did not respond to the order to show cause.  Defendants argue that the Court should dismiss Ms. Chizkiya-Rosenfeld's claims for failure to prosecute because she failed to comply with Fed. R. Civ. P. 7.1 and numerous orders of this Court.  *Id*. at 6.[1]  Defendants also state that they emailed plaintiff's counsel numerous times in response to the Court's order to show cause, yet

---

[1] Defendants alternatively request that the Court allow "brief jurisdictional discovery" to determine Ms. Chizkiya-Rosenfeld's citizenship.  Docket No. 18 at 7.

plaintiff's counsel failed to respond to defendants' inquiries regarding plaintiff's citizenship.  *Id*. at 3-5; *see also* Docket No. 18-1.

Federal Rule of Civil Procedure 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders."  *Montoya v. Colorado Dep't of Corr*., No. 20-cv-03345-NYW-STV, 2022 WL 17536170, at *2 (D. Colo. Dec. 8, 2022); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Additionally, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Ms. Chizkiya-Rosenfeld failed to respond to the Court's first 7.1 disclosure order, filed a deficient and untimely disclosure statement in response to the Court's second 7.1 disclosure order, and failed to respond to the Court's August 22, 2023 order to show cause.  Rule 7.1 citizenship disclosures are "designed to facilitate an early and accurate determination of jurisdiction."  Fed. R. Civ. P. 7.1 (Advisory Comm. Notes).  As the Court noted in the order to show cause, "the Court is unable to determine whether it has diversity jurisdiction over this case."  Docket No. 17 at 4.  Ms. Chizkiya-Rosenfeld's repeated failure to comply with Fed. R. Civ. P. 7.1 and this Court's orders significantly hinders the efficient progression of this litigation.  Because Ms. Chizkiya-Rosenfeld's citizenship is unknown, the Court has not referred this case to a magistrate judge to convene a scheduling conference and conduct other pre-trial matters.  Absent an

3

assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

It is therefore

**ORDERED** that plaintiff shall show cause, **on or before September 15, 2023,** why plaintiff's claims should not be dismissed pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.1 for failure to prosecute, failure to comply with Fed. R. Civ. P. 7.1, and failure to comply with this Court's orders.  Ms. Chizkiya-Rosenfeld is informed that her failure to respond to this order will result in dismissal of her claims without prejudice without further notice from the Court.

DATED September 11, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge